IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

STEPHEN WAYNE MURPHY,

        Plaintiff,        Civil No. 10-3028-CL

    v.        REPORT AND RECOMMENDATION

JUDITH HARPER, et al.,

        Defendants.

CLARKE, Magistrate Judge.

Plaintiff filed a complaint alleging violations of his constitutional rights arising out of the alleged "unreasonable and warrantless searches and seizures of his person, dwelling, and effects." Complaint (#2) p. 5. Plaintiff also alleges a claim for "malicious prosecution and subsequent illegal

1 - REPORT AND RECOMMENDATION

incarceration." Id., p. 7.

Defendants now move to dismiss (#10) and (#13) on the grounds that plaintiff's claims are barred by the statute of limitations. Plaintiff has not filed a response to defendants' motions.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wilson v. Garcia, 471 U.S. 261, 266 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.

2 - REPORT AND RECOMMENDATION

1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

The search and seizure giving rise to plaintiff's first claim for relief is alleged to have occurred on August 4, 2004. Complaint (#2) p. 5. Plaintiff knew or had reason to know of his alleged injury at the time of the search. Therefore, plaintiff's claim accrued on August 4, 2004, and the statute of limitations period for any claim arising out of the search expired on August 4, 2006. Plaintiff filed the complaint in this case on April 2, 2010.

Plaintiff's second claim for relief for "malicious prosecution" is alleged as a violation of his Forth and Fourteenth Amendment rights. Construed as a civil rights violation, the statute of limitations analysis discussed above applies.

A cause of action for malicious prosecution is complete when the prosecution is terminated in favor of the plaintiff, and the statute of limitation accrues at that time. White v. Pacific Telephone and Telegraph Co., 168 Or. 371, 374 (1942) overruled on other grounds , Fuller v. Safeway, 258 Or. 131 (1971).

3 - REPORT AND RECOMMENDATION

Plaintiff alleges that the criminal prosecution terminated in his favor when the United States Court of Appeals for the Ninth Circuit, in U.S. v. Murphy, 516 F.3d 1117 (9th Cir. 2008), affirmed in part and reversed in part an order denying his motion to suppress in the underlying criminal prosecution. Complaint (#2) p. 12. Assuming that action did result in the termination of the criminal prosecution in plaintiff's favor, plaintiff's claim accrued and the statute of limitations period began to run on March 20, 2008.

If plaintiff's second claim is construed as an action for common law malicious prosecution, it is governed by the Oregon Tort Claims Act. Under the OTCA plaintiff was required to serve a tort claim notice within 180 days of the accrual of his claim, and file a lawsuit within two years. ORS 30.275. Plaintiff has failed to establish compliance with the tort claim notice requirements and failed to file a lawsuit within two years of March 20, 2008.

Thus the statute of limitations on plaintiff's second claim for relief, whether construed as a claim for common law malicious prosecution or a statutory claim under 42 U.S.C. sec. 1983 , expired on March 20, 2010. As noted above,

4 - REPORT AND RECOMMENDATION

plaintiff filed his complaint in this case on April 2, 2010.

Based on the foregoing, I find that plaintiff's claims are barred by the statute of limitations. Defendants' Motions to dismiss (#10) and (#13) should be allowed. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

5 - REPORT AND RECOMMENDATION

DATED this 26 day of October, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

6 - REPORT AND RECOMMENDATION